IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL CASE NUMBER: |
| TYRONE GASKIN, JR. | : | 1:17-CR-00370-MHC-JSA |

**REPORT AND RECOMMENDATION ON A MOTION TO SUPPRESS**

Defendant Tyrone Gaskin, Jr. filed a Motion to Suppress on April 4, 2018 [29], stating that "[f]rom the discovery provided thus far, it appears that the government intends to use information obtained from cell phones seized from Mr. Gaskins without a warrant." *Id*. at 2.

The Court held an evidentiary hearing on May 14, 2018, at which the arresting Agent, Charles Woodard of Homeland Security Investigations, testified. *See* Transcript ("Tr.") [39]. Based on this testimony, it now appears to be undisputed, and the evidence clearly shows, that Agent Woodard arrested Defendant based on an Indictment and arrest warrant on November 20, 2017, and that the arresting agents seized Defendant's phones from his pockets, incident-to-arrest, Tr. at 11-12. Government counsel further represents, and the Defendant does not dispute, that any searches of these phones were performed pursuant to warrants. Tr. at 17.

These facts compel denial of the motion, which appears to have been filed prior to complete disclosure of discovery and which, after the evidentiary hearing, has not been pursued with any additional request for briefing.  Plainly, the valid indictment and arrest warrant authorized Agent Woodard's arrest of Defendant. *See, e.g., United States v. Phillips*, 834 F.3d 1176, 1180 (11th Cir. 2016).  Having properly arrested Defendant, the agents were likewise authorized to search his pockets incident-to-arrest, *see, e.g., United States v. Robinson*, 414 U.S. 218, 234 (1973), and there is no reason to conclude that the agents exceeded the scope of this authority in seizing Defendant's phones in that process.  Finally, that the Government obtained a warrant prior to searching the phones complied with the Supreme Court's instructions in *California v. Riley*, 134 S.Ct. 2473 (2014).  Therefore, there is no basis to find that the Agents committed any Fourth Amendment violation triggering any suppression.  It is **RECOMMENDED** that Defendant's Motion [29] be **DENIED**.

**IT IS SO RECOMMENDED** this 19th day of June, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE