IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CRIMINAL CASE NUMBER: |
| TYRONE GASKIN, JR. | : | 1:17-CR-00370-MHC-JSA |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Suppress Cell-Site Data [44]. For the reasons stated below, the Court **RECOMMENDS** that this Motion be **DENIED**.

### BACKGROUND

On September 7, 2016, the Government applied for and received a Court Order, pursuant to the Stored Communications Act, Title 18 U.S.C. § 2703(c)(1), authorizing cell-phone carrier T-Mobile to release various information such as subscriber information, call detail information, and historical cell-site/sector information for two telephone numbers, including one subscribed to in the name of Defendant Tyrone Gaskin, Jr. [51-1]. According to the application, the information would be relevant in a firearms trafficking investigation. Specifically,

the application explained that Defendant Gaskin purchased two firearms from a gun club in Norcross, Georgia on February 27, 2016; that one of the telephone numbers ("SUBJECT TELEPHONE 1") was listed as Defendant's phone number on the receipt; that on the same day a package was mailed via UPS from "Steven HUNT" in Atlanta to "Devon HUNT" in Barbados, which described the contents as "one radio"; that customs authorities opened the package before shipment and discovered that it contained the two guns that Defendant had purchased that day in Norcross; that someone purporting to be "Steven HUNT" called the UPS store several times to inquire about the whereabouts of the package, using the other telephone number that was the subject of the application ("SUBJECT TELEPHONE 2"); and that the two subject telephones were in contact approximately 44 times on February 27, 2016. *Id.* at 3-5. The order authorized disclosure of, and presumably the Government received, seven days-worth of data, from February 24, 2016- March 2, 2016. *Id.* at 15. The Government represents, however, that it is only seeking to introduce one day's worth of cell-site locational data. Gov't Br. [51] at 7.

## ANALYSIS

Defendant seeks to suppress the historical cell-site locational information obtained by the Government via Court Order under the Stored Communications Act, 18 U.S.C. § 2703. Defendant does not contend that the application failed to

meet the statutory standards, or that the statute even includes a suppression remedy for violations.[1]  Rather, Defendant argues that by obtaining this locational information pinpointing his historical whereabouts without a court warrant, the Government violated his Fourth Amendment right to be free from unreasonable searches.  *See, generally, United States v. Salter,* 255 Fed.App. 355, 358 (11th Cir. 2007).  Thus, the Defendant argues that the cell-site information should be suppressed under the Fourth Amendment exclusionary rule.[2]

Defendant makes his motion in the wake of *Carpenter v. United States*, ___ U.S. ___, 138 S.Ct. 2206, ____ L.Ed.2d ____, 2018 WL 3072916 (June 22, 2018). In *Carpenter*, the Supreme Court found that the Government engaged in a "search," generally requiring a warrant supported by probable cause, by requiring cellular carriers to disclose historical cell-site information covering at least seven days.  *Id.* at 2213-2219.   The Government in this case did not obtain a warrant authorizing it to obtain this information.  On this basis, Defendant requests suppression.

---

[1] It does not.  *See* 18 U.S.C. § 2708 ("The remedies and sanctions described in this chapter [i.e., civil monetary penalties and criminal sanctions] are the only judicial remedies and sanctions for nonconstitutional violations of this chapter"); *see also United States v. Steiger*, 318 F.3d 1039, 1050 (11th Cir. 2003).

[2] Defendant does not argue that the other information via the § 2703 Order, other than cell-site locational information, should be suppressed.

The Government presents and preserves certain arguments to distinguish or limit *Carpenter*. For example, the Government requests that this Court find that *Carpenter*'s warrant requirement should only apply to requests for cell-site data of less than one week. Notably, however, *Carpenter* did not draw any particular bright line by which a request for data covering a period shorter than seven days would not need a warrant. The Court in *Carpenter* declined to consider whether there was *any* limited period for which the Government may obtain this information without Fourth Amendment scrutiny, and if so how long that period may be. The Court simply found that the orders at issue in that case—which included one that requested seven days-worth of data—crossed the line into being a search. *See Carpenter*, 138 S.Ct. at 2217 n. 3.[3] The Court also argues that the § 2703 Order in this case should be retroactively considered to be akin to a warrant—despite the lack of any sworn, supporting testimony—on the grounds that the facts proffered in the application were sufficient to establish probable cause.

---

[3] While this issue is ultimately unnecessary to reach, the Court also does not understand how *Carpenter* can be distinguished on this temporal ground. The § 2703 Order in this case also directed T-Mobile to produce seven days-worth of data, from February 24 through March 2, 2016. The Government suggests that it will only seek to introduce a single day's-worth of data (presumably February 27). But the Government produces no authority or explanation for why the proceeds of a search that otherwise violated the Fourth Amendment could survive exclusion because the Government promises to only use a portion of what was improperly obtained.

Ultimately, these arguments are unnecessary to address because there is a much more straightforward answer that compels the Court to deny Defendant's motion. Regardless of the applicability of *Carpenter* to the situation at hand, the fact is that the Government obtained its Court Order and the cell-site information at issue prior to the Supreme Court's groundbreaking decision. At the time the Government obtained this information, the binding law in this Circuit was clear that the Government was ***not*** required to make any showing of probable cause to obtain historical cell-site locational data, because individuals could have "no subjective or objective reasonable expectation of privacy in a cell phone provider's business records showing the cell tower locations that wirelessly connected the calls." *United States v. Davis*, 785 F.3d 498, 511 (11th Cir. 2015) (*en banc*). Thus, the Government complied fully with the then-applicable law in this Circuit, and Defendant does not argue otherwise.

In these circumstances, where the Government obtained data via Court orders before *Carpenter*, pursuant to *Davis*, the Eleventh Circuit has held that these records are not subject to suppression, under the good-faith rule of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See United States v. Joyner*, __ F.3d ___, 2018 WL 3853443 (11th Cir. August 14, 2018); *see also United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (post-Carpenter case noting that "[w]hile Carpenter is obviously controlling going forward, it can have

no effect on" cases where law enforcement acted in "[o]bjectively reasonable good faith," which "includes 'searches conducted in reasonable reliance on subsequently invalidated statutes' " (*quoting Davis v. United States*, 564 U.S. 229, 239, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011))).  Defendant here offers no argument or evidence to suggest that the Government lacked a good faith belief in the legality of its actions in obtaining and using the § 2703 Order in this case.  Here, the Government acted in compliance with the existing law, including the applicable statute as well as the Eleventh Circuit's *en banc* decision in *Davis.*  As in *Joyner*, the good-faith exception clearly applies, and Defendant has filed no reply brief to argue otherwise.  Thus, no suppression is warranted.

## CONCLUSION

Defendant's Motion to Suppress [44] should be **DENIED**.  This matter is **READY FOR TRIAL**.

IT IS SO **RECOMMENDED** this 7th day of September, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE